The appealing party has shown good grounds to reconsider the evidence. Upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions of law as those reached by the Deputy Commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The undersigned find as facts and conclude as matters of law the following which were entered into by the parties as
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. A letter dated October 15, 1996 from Ms. Baker to Mr. Bumgardner was marked as stipulated exhibit 1 and received into evidence.
3. A set of Form 22s were marked as stipulated exhibit 2 and received into evidence.
4. Subsequent to the initial hearing, a copy of Dr. Barclay's medical records was marked as stipulated exhibit 3 and received into evidence.
5. Subsequent to the initial hearing, unemployment records marked as stipulated exhibit 4 were received into evidence.
******************
Based upon all of the competent, credible, and convincing evidence in the record, the undersigned make the following
FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was a forty-six year old male who obtained a GED and completed one year of coursework at a junior college. Plaintiff had worked for the defendant only three days prior to the date that plaintiff claims he sustained an injury by accident that caused him to sustain a ruptured disc. Plaintiff was employed by the defendant-employer to do sheet metal duct work.
2. On February 22, 1996, plaintiff was performing his regular job duties for the defendant-employer when he slipped off the back of a truck and landed on his right hip side. Plaintiff fell approximately two to three feet. Plaintiff experienced pain in his right buttocks but the pain gradually got better.
3. Prior to February 22, 1996, plaintiff had sought out medical treatment for problems with back pain. On direct examination, plaintiff denied having any prior back problems. During his testimony, plaintiff admitted that he had prior back problems only after counsel for the defendants questioned plaintiff about his responses to interrogatories where plaintiff had admitted prior back problems.
4. Plaintiff worked full time from February 22, 1996 through March 18, 1996. Plaintiff performed his full duty job eight to ten hours a day and at no time did plaintiff complain of back pain.
5. On March 14 and March 15, 1996, plaintiff helped move furniture for some friends. Plaintiff injured his back while helping move this furniture.
6. Over the weekend following March 15, 1996, plaintiff began to experience back pain. Plaintiff obtained some Flexeril for his back pain.
7. On March 18, 1996, plaintiff returned to work complaining about back pain. Plaintiff informed a co-worker Ron Bartlett, that he had injured his back while moving furniture. Plaintiff's supervisor, Joe Leach, overheard plaintiff state that he had injured his back while lifting furniture.
8. On March 19, 1996, plaintiff sought medical treatment from Dr. Barclay for his lower back pain. Plaintiff was referred to neurosurgeon, Dr. Garland for emergency care. Plaintiff sustained a massive ruptured disc that was operated on by Dr. Garland on March 19, 1996. It is unlikely that the fall on February 22, 1996 caused the massive ruptured disc that Dr. Garland surgically removed.
******************
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
CONCLUSION OF LAW
1. The injury by accident sustained by the plaintiff on February 22, 1996 did not cause the back injury treated by Dr. Garland on March 19, 1996. N.C. Gen. Stat. § 97-2(6). Plaintiff's testimony and assertions to the contrary are not accepted as credible or convincing by the undersigned in light of the contrary more convincing evidence presented and the record as a whole.
******************
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
ORDER
1. Plaintiff's claim for disability compensation for the back injury treated by Dr. Garland is HEREBY DENIED.
2. Each side shall pay its own costs.
IT IS FURTHER ORDERED that this case shall be REMOVED from the Full Commission hearing docket.
This the __________ day of _______________________ 1997.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________________ LAURA K. MAVRETIC COMMISSIONER
S/ ___________________________ EDWARD GARNER, JR. DEPUTY COMMISSIONER
JHB/nwm
10/08/97